UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WHITE COAT WASTE PROJECT
901 M Street NW #830,
Washington, DC 20001

     Plaintiff,

          v.

THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,
810 Vermont Avenue, NW
Washington DC 20420,

     Defendant.

Civ. No. 17-cv-1155

**Complaint for Declaratory and Injunctive Relief**

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records related to experiments conducted on dogs at the Hunter Holmes McGuire Veterans Affairs Medical Center (McGuire VAMC).

### Jurisdiction and Venue

2.  This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### Parties

4.  Plaintiff White Coat Waste Project, Inc. (WCW) is a bipartisan taxpayer watchdog organization pursuant to Section 501(c)(3) of the Internal Revenue Code, with its headquarters located at 901 M St NW #830, Washington, DC, 20001. WCW's mission is

to unite animal-lovers and liberty-lovers to expose and end wasteful taxpayer-funded animal experiments. WCW is the requester of the information at issue in this case.

5.   Defendant Department of Veterans Affairs (VA) is an agency of the United States. The VA has possession, custody, and control of the records WCW seeks.

### Statement of Facts

#### *Background*

6.   The Animal Welfare Act (AWA) and the Public Health Service Policy on Humane Care and Use of Laboratory Animals (PHS Policy) require that every research facility that uses animals for laboratory research—including in federal facilities—must have an Institutional Animal Care and Use Committee (IACUC), which evaluates the facility's use and care of animals used in experiments.

7.   Using documents previously obtained through FOIA, WCW discovered that McGuire VAMC's IACUC found that researchers at the facility repeatedly failed to comply with federal humane care regulations under the AWA and the PHS Policy. These failures resulted in the deaths of at least four dogs during experiments in 2016. One report even stated that an IACUC member voted to end the serially-noncompliant experiments because the McGuire VAMC researcher responsible showed "reckless behavior," "lack of foresight" and "actions that threaten the integrity of [the] institution," including a botched surgery in which a dog's lung was mistakenly cut into during a heart surgery. The IACUC warned that future violations could result in suspension or terminations of animal protocols in question.

8.   The principal investigator on these botched dog experiments was VA staff physician Dr. Alex Tan. Dr. Tan's actions reportedly led to the revocation of his authorization to

continue experimenting on dogs. All indications are that Dr. Tan continues to be associated with the McGuire VAMC and allowed to perform procedures on veterans.

9.   WCW also exposed documents revealing the McGuire VAMC reported to the U.S. Department of Agriculture using zero dogs in experiments in 2016, despite the facility's IACUC finding extensive animal welfare violations that year, suggesting the VA misrepresented the number of dogs and the extent of its experiments on dogs on its federal disclosure forms.

10.   On March 21, 2017, WCW compiled this information and requested the VA's Office of Inspector General investigate the agency's animal testing program. In response, the VA issued a press release touting its medical research and record.

11.   At a March 22, 2017, VA Appropriations Subcommittee Hearing, Georgia Congressman Sanford Bishop questioned VA Inspector General Michael Missal about whether his office intended to investigate the botched dog experiments at the McGuire VAMC. Inspector General Missal stated that he was still reviewing the letter.

12.   On March 31, 2017, Florida Congressman Vern Buchanan joined White Coat Waste Project's call, writing a letter to VA Inspector General Missal calling for an investigation into the botched experiments at McGuire VAMC, stating that the experiments were "disturbing," and expressing "concern[] about the lack of transparency surrounding these experiments."

13.   By April 10, 2017, the VA's Office of Inspector General confirmed that it opened an investigation into the botched dog experiments at McGuire VAMC.

14. This controversy generated significant media and public interest, including multiple pieces on televised news broadcasts, as well as coverage from print and online publications. *See, e.g.*, Leo Shane III, Animal rights group accuses VA of using dogs in questionable experiments, MILITARY TIMES, March 21, 2017, available at: http://www.militarytimes.com/articles/va-medical-experiments-dogs-wcw; Nikki Wentling, Animal rights group calls for investigation of VA research facility, STARS AND STRIPES, March 24, 2017, available at: https://www.stripes.com/animal-rights-group-calls-for-investigation-of-va-research-facility-1.460495; Jonah Bennett, VA Doc Still Active At Facility After Being Banned From Surgery On Dogs, THE DAILY CALLER, March 28, 2017, available at: http://dailycaller.com/2017/03/28/exclusive-va-doc-still-active-at-facility-after-being-banned-from-surgery-on-dogs/; Jonah Bennett, GOP Rep Wants Investigation Into Shocking VA Dog Animal Experiments Gone Horribly Wrong, THE DAILY CALLER, April 2, 2017, available at: http://dailycaller.com/2017/04/02/gop-rep-wants-investigation-into-shocking-va-dog-animal-experiments-gone-horribly-wrong/; Eric Garcia, Buchanan Wants Investigation into VA Dog Experiments, ROLL CALL, April 4, 2017, available at: http://www.rollcall.com/news/politics/buchanan-calls-for-investigation-into-v-a-testing-on-dogs; Jonah Bennett, VA Inspector General Opens Investigation Into Botched Dog Surgeries At McGuire Medical Center, THE DAILY CALLER, April 2, 2017, available at: http://dailycaller.com/2017/04/10/va-inspector-general-opens-investigation-into-botched-dog-surgeries-at-mcguire-medical-center/.

*WCW's FOIA Request No. 17-04031-F*

15.  On January 10, 2017, WCW sent a FOIA request to McGuire VAMC seeking: (1) A current census of all dogs actively held and used in the McGuire VAMC laboratories (including each animal's ID number, breed, name, color and distinctive markings, date of birth, source, USDA pain category, and assigned protocol); (2) Photographs and videos of these dogs; and (3) Active IACUC-approved protocols to which these dogs are assigned.

16.  The VA assigned this request number 17-04031-F.

17.  In response to the request, on March 1, 2017, the VA produced:

- Documents reflecting the record of disposition of dogs and cats at the facility (Dog Census), with the names and address of the dog vendors, the vendors' dealer license numbers, commercial delivery company, and truck driver, the title of person who received the shipment, the "ORD number," and customer PO number all redacted pursuant to Exemption 6. The agency also redacted the address of the McGuire Research Center pursuant to Exemption 7(F); and

- Dog research protocols with a plethora of information redacted pursuant to Exemption 6, including, inter alia, "the full name of the principal investigator, protocol title, funding source, the name of the company providing the device, publication reference that includes the Principal Investigators name, name of the company providing a programmer, names of all research personnel involved with the study, name of vendor, details pertaining to the experience of research personnel and dates in which they have been involved in animal research, name of veterinarian, name of institutional affiliation of veterinarian, phone number of the veterinarian,

date of consultation, name of PI's staff and contact information." The agency also redacted certain location information of the McGuire Research Center pursuant to Exemption 7(F) and certain confidential commercial information that resulted from a Cooperative Research and Development Agreement pursuant to Exemption 3.

18. On April 26, 2017, WCW filed an administrative appeal challenging many of the redactions pursuant to Exemption 6.

19. Without conceding that any of the Exemption 6 redactions were proper, in the interest of expediting production, WCW limited its appeal to: 1) those redactions related to the names and addresses of the dog vendors and the vendor's dealer license numbers in the Dog Census; 2) the identity of the Principal Investigators (name and publication reference) in the dog research protocols; 3) the titles of the dog research protocols; 4) the funding sources in the dog research protocols; and 4) the names of the companies providing the devices in the dog research protocols.

20. On May 2, 2017, the VA sent a letter acknowledging receipt of WCW's administrative appeal. The letter stated that the agency was "unable to offer an estimate to when your appeal will be completed."

21. On June 7, 2017, counsel for WCW called the VA Legal Assistant identified in the agency's acknowledgment letter to inquire about the status of the appeal. Counsel was informed that the agency could not provide an estimate of as to when the appeal would be completed.

22. WCW has exhausted all applicable administrative remedies.

23. The VA continues to wrongfully withhold the requested records from WCW.

## Count I: Violation of FOIA

24. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

25. The VA has wrongfully withheld agency records requested by WCW.

26. WCW has exhausted applicable administrative remedies with respect to the VA's wrongful withholding of the requested records.

27. WCW and the public have been and will continue to be irreparably harmed until the VA is ordered to comply with WCW's FOIA request.

28. WCW is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## Request for Relief

WHEREFORE, WCW respectfully requests that this Court:

(1) Declare the VA's failure to comply with FOIA to be unlawful;

(2) Enjoin the VA from continuing to withhold the public records responsive to WCW's FOIA request and otherwise order the VA to produce the requested public records without further delay;

(3) Grant WCW an award of attorney fees and other litigation costs reasonably incurred in this action, to the extent permitted by law; and

(4) Grant WCW such other and further relief which the Court deems proper.

Date:  June 14, 2017                     Respectfully submitted,

                                         /s/ Matthew Strugar _____
                                         Matthew Strugar (D.C. Bar No. 1010198)
                                         Law Office of Matthew Strugar
                                         3435 Wilshire Blvd., Suite 2910
                                         Los Angeles, CA 90010
                                         323-696-2299
                                         matthew@matthewstrugar.com